UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WELLMAN THERMAL SYSTEMS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | District Court Cause No. 1:05-cv-1191-JDT-TAB |
| vs. | ) ) | |
| COLUMBIA CASUALTY COMPANY, GULF UNDERWRITERS INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| IN RE: WELLMAN THERMAL SYSTEMS CORPORATION, ONE PROGRESS ROAD SHELBYVILLE, IN 46176, | ) ) ) ) | Bankruptcy Court Cause No. 03-01934-JKC-7A |
| Debtor. | ) ) | |
| WELLMAN THERMAL SYSTEMS CORPORATION, | ) ) ) | Adversary Proceeding Cause No. AP 05-100 IP |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| COLUMBIA CASUALTY COMPANY; GULF UNDERWRITERS INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON MOTIONS TO WITHDRAW REFERENCE (DKT. NOS. 1, 4 & 5)**[1]

---

[1] This Entry is a matter of public record and will be made available on the court's
(continued...)

The Defendant Columbia Casualty Company moves the court for an order withdrawing the reference of this adversary proceeding to the bankruptcy court. The other defendants, Gulf Underwriters Insurance Company and Twin City Fire Insurance Company, join in the motion. The Plaintiff opposes the motion. The court rules as follows:

**I.    BACKGROUND**

On or about January 10, 2003, Wellman Thermal Systems Corporation filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The petition was converted into a Chapter 11 proceeding, and a Trustee appointed. Creditor Millenium LLC filed a proof of claim, alleging environmental impacts at a site in Shelbyville, Indiana where Wellman had performed various operations such degreasing, electroplating and painting. The Trustee employed an environmental firm to evaluate the environmental problems connected with the site.

On or about February 10, 2005, Wellman filed a complaint against the Defendant insurers, alleging that they issued policies of insurance to Wellman during the time period in which the environmental problems occurred. Wellman seeks a declaratory judgment that the insurers are obligated to defend Wellman or reimburse it for the costs of defense and to indemnify it with respect to environmental liability claims asserted

---

[1](...continued)
web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

against it.  Wellman also seeks an award of damages for its costs in connection with the environmental investigation and cleanup at the site.

The Defendants have denied that the adversary proceeding is a core proceeding and have not consented to entry of final orders or judgment by the bankruptcy court. The Defendants have demanded a jury trial on all matters to which they are entitled to a jury trial.  In addition, Twin City Fire Insurance Company ("Twin City") asserts a cross claim, alleging that if there is coverage under any insurance policies issued by Twin City, then Twin City is entitled to contribution from the other insurers for any defense and indemnity payment it makes.

I.   DISCUSSION

A district judge may refer a matter to a bankruptcy judge and may withdraw such a reference "for cause shown."  28 U.S.C. § 157(d); *In re Dorner,* 343 F.3d 910, 914 (7th Cir. 2003).[2]  Factors considered in determining if cause has been shown are: "judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the particular court's familiarity with the case, and whether the adversary proceeding is core or non-core."  *In re Comdisco Ventures, Inc.*, Nos. 04 C 2007, 04 C 2393, 01-24795, 2004 WL 1375353, at *2 (N.D. Ill. June 18, 2004).  Of these, the last is the most important.  *Id.*  The Defendants argue that the withdrawal of reference is proper because this adversary

---

[2] § 157(d) provides in relevant part: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section . . . for cause shown."

proceeding involves non-core matters; they have demanded a jury trial and have not consented to final orders or judgments by the bankruptcy court; and a single proceeding would avoid unnecessary duplication of costs and judicial resources.  Twin City adds that the bankruptcy court's jurisdiction over its cross claim is not entirely free from doubt.  Wellman responds that its declaratory judgment action against its insurers is a core proceeding and even if it were non-core, the motion to withdraw is premature as the case is not yet trial ready.

"Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997).  An action to set aside a preference is an example of a core proceeding.  *Id.*  An adversary proceeding is "noncore" if it "does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy[.]"  *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990).  Examples of a noncore proceeding are a claim of the debtor against a third party that can be determined without respect to bankruptcy law, *id.*, and a claim against a stranger to the bankruptcy proceeding (*e.g.*, one who has not filed a claim) based on pre-petition contract-based rights.  *U.S. Brass Corp.*, 110 F.3d at 1268; *see also In re Apex Exp. Corp.*, 190 F.3d 624, 631-33 (4th Cir. 1999) (holding debtor's pre-petition based contract claim against party who had not filed a proof of claim with bankruptcy court was non-core proceeding); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1102 (2d Cir. 1993)

(holding breach of contract action by debtor based on pre-petition contract against party who had not filed a claim with the bankruptcy court was non-core proceeding).  A non-core proceeding, however, "may be *related* to the bankruptcy because of its potential effect[.]"  *Barnett*, 909 F.2d at 981; see *U.S. Brass Corp.*, 110 F.3d at 1269 ("The impact of a claim on the size of the debtor's estate is a criterion of whether a claim is related to the bankruptcy and is therefore a noncore proceeding.").  Under Seventh Circuit case law, where the issue is the scope of coverage of insurance policies the matter is a noncore proceeding.  *U.S. Brass Corp.*, 110 F.3d at 1268.

In arguing that its adversary proceeding is a core proceeding, Wellman relies on dicta in *Home Insurance Co. of Illinois v. Cooper & Cooper, Ltd.*, 889 F.2d 746 (7th Cir. 1989), where the court said that an insurance policy is an asset of the estate and that a request to determine the policy's validity with respect to the debtor is a core proceeding. *Id.* at 748.  In *Home Insurance*, however, the claims were non-core and the issues were the validity of insurance policies rather than their scope, and whether the adversary proceeding was "related" to the bankruptcy under 28 U.S.C. § 157(c).  *Id.* at 749. Furthermore, the statement from *Home Insurance* upon which Wellman relies is not supported by any citation to legal authority or analysis.  *Id.* at 748.  While *U.S. Brass* did not challenge that statement, its mention of *Home Insurance* was itself mere dicta, as the case involved questions of the scope of the insurance coverage and the claims were noncore proceedings.  *U.S. Brass Corp.*, 110 F.3d at 1264-65, 1268.

Wellman also attempts to limit the relevance of *Comdisco Ventures*, but these efforts are unavailing.  Comdisco Ventures filed an adversary proceeding against its

5

insurers and brokers relating to insurance policies. The court held that the claims against the insurance companies were non-core; the court did not merely rely on the interrelationship of those claims to the claims against the broker dealers, as Wellman implies. *Comdisco Ventures*, 2004 WL 1375353 at *3. Wellman also cites to decisions of other jurisdictions, including the Second Circuit, but they are not controlling and are contrary to the Seventh Circuit case law. The Seventh Circuit has recognized that the First and Second Circuits have interpreted core proceedings more broadly than the other circuits, including the Seventh. *Barnett*, 909 F.2d at 981.

In this case, the Bankruptcy Code is not the source of Wellman's rights or remedies against the insurer Defendants; that source is state contract law. Wellman's action does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy. Instead, it is a creature of state breach of contract law that could be pursued as an ordinary breach of contract action if Wellman were not in bankruptcy. Therefore, the court finds that Wellman's action against the insurer Defendants does not arise under the Bankruptcy Code and is a noncore proceeding. This conclusion is supported by *U.S. Brass Corp.* and the other decisions cited herein.

As stated, whether the proceeding is core or noncore is the most important factor when deciding whether to withdraw the reference. *Comdisco Ventures, Inc.*, 2004 WL 1375353, at *2. Yet several of the other factors favor withdrawing the reference as well. Withdrawal of the reference here will neither negatively affect the uniformity and efficiency in bankruptcy administration nor promote forum shopping because the issues

presented by the adversary proceeding are not unique to bankruptcy law. In addition, there is no indication that withdrawal of reference will increase delay and costs to the parties either.

Moreover, the right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court. *Matter of Grabill Corp.*, 967 F.2d 1152, 1156 (7th Cir. 1992) (holding where jury trial is required trial must be conducted in district court; Bankruptcy Code does not authorize bankruptcy judges to conduct jury trials); 1 *Collier on Bankruptcy* § 3.04[a][b] (listing right to a jury trial among reasons for withdrawal of reference). The Defendants have demanded a jury trial and assert that they will not consent to any final orders or judgment by the bankruptcy court. Wellman responds that the case is not yet ready for trial, so withdrawal of reference at this time would be premature. Though insurance coverage cases sometimes are decided at the summary judgment stage and the interpretation of an insurance policy clearly is a legal question for the court, it does appear that in this case there may be genuine issues of fact necessitating trial. Certain efficiencies would be lost were the bankruptcy court to proceed with pretrial matters; the district court would not gain a valuable familiarity with the case that could assist it leading up to and through trial. Though the bankruptcy court could issue proposed findings of fact and conclusions of law, 28 U.S.C. § 157(c)(1), in the court's view, considerations of judicial economy favor withdrawal of the reference. *See Orion Pictures Corp.*, 4 F.3d at 1101 ("the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be

avoided by a single proceeding in the district court"); *In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997) (where bankruptcy court's decision is subject to de novo review, it is a more efficient use of judicial resources to decide the case in the district court); *In re Almac's, Inc.*, 202 B.R. 648, 659 (D.R.I. 1996) (withdrawing reference to avoid the waste of judicial resources that would result from a de novo review of bankruptcy court's findings). The bankruptcy judge's proposed findings and conclusions in this noncore proceeding would be subject to de novo review by the district court, possibly resulting in inefficient duplication by the two courts. Thus, while the bankruptcy court has gained some familiarity with this case over the past few years, that factor does not tip the scales against withdrawal in light of the other factors that favor withdrawal.

Wellman speculates that this case might not remain in federal court if the reference were withdrawn. However, as Wellman acknowledges, this case does not meet all requirements for mandatory abstention under 28 U.S.C. § 1334(c)(2)–there is no pendent state court action. *See, e.g.*, *Sec. Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997); *In re S.G. Phillips Constrs., Inc.*, 45 F.3d 702, 708 (2d Cir. 1995) (prior state action is requirement for mandatory abstention). Furthermore, there has been no indication that Wellman or the Defendants actually would ask this court to abstain. And, if abstention were to become an issue, reference to the bankruptcy court does not insulate the case from abstention, if appropriate. *See In re Porter-Hayden Co.*, 304 B.R. 725 (Bankr. D. Md. 2004) (abstaining from hearing debtor's non-core claims).

Finally, Wellman does not challenge Twin City's position that the bankruptcy court's jurisdiction over its cross claims is not entirely free from doubt.  See *Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987) (holding bankruptcy court lacks jurisdiction over dispute between claimants as to right to property where estate disclaims any interest in property as the resolution of the dispute would not affect the amount of the property of the estate).  This uncertainty can be avoided by withdrawal of the reference.  The district court may exercise supplemental jurisdiction over the cross claims pursuant to 28 U.S.C. § 1367; the bankruptcy court cannot.  See *In re Conseco, Inc.*, 305 B.R. 281, 87 (Bankr. N.D. Ill. 2004); *In re Fisher*, 151 B.R. 895, 899 (Bankr. N.D. Ill. 1993).

### III.   CONCLUSION

For the reasons stated above, the Defendants' motions to withdraw reference of the Adversary Proceeding, i.e., the Complaint in Adversary No. AP05-100 IP and cross claims, (Dkt. Nos. 1, 4 & 5) are **GRANTED**.

The Clerks of the respective courts are directed to effectuate this withdrawal and process this case in the district court under this cause number.

ALL OF WHICH IS ENTERED this 5th day of October 2005.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Knight S. Anderson
Hill Fulwider McDowell Funk Matthews
knight@hfmfm.com

Charles W. Browning
Plunkett & Cooney, P.C.
cbrowning@plunkettcooney.com

Jeffrey D. Featherstun
Plews Shadley Racher & Braun
jfeather@psrb.com

George M. Plews
Plews Shadley Racher & Braun
gplews@psrb.com

Mary K. Reeder
Riley Bennett & Egloff LLP
mreeder@rbelaw.com

Mary A. Sliwinski
Colliau Elenius Murphy Carluccio
Keener & Morrow
mary.sliwinski@cna.com

F. Ronalds Walker
Plews Shadley Racher & Braun
rwalker@psrb.com

Magistrate Judge Tim A. Baker

Hon. James K. Coachys
U.S. Bankruptcy Judge
U.S. Courthouse, Room 325

Clerk of the U.S. District Court

Clerk of the U.S. Bankruptcy Court